UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL SABRA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 17-11687
Hon. Denise Page Hood

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND REMANDING MATTER FOR FURTHER PROCEEDINGS

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation. **[Doc. No. 17]** The Government filed timely objections to the Report and Recommendation, and Plaintiff filed a response to the objections. **[Doc. Nos. 18, 19]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

The Court is not persuaded by the Government's argument that the Magistrate Judge erred in determining that the record did not contain all of the required evidence to allow for a finding that Plaintiff met Listing 12.05(C). Plaintiff repeatedly presented the argument that he met the requirements of Listing 12.05(C), yet the ALJ did not discuss Listing 12.05(C) at Step Three. The Court concludes that, because Plaintiff has submitted evidence that he meets all of the requirements of Listing 12.05(C), including demonstrating "significantly subaverage general intellectual functioning," having an IQ score of 70, having an ADHD diagnosis, and a learning disorder, this matter must be remanded to the ALJ for a determination of whether Plaintiff meets the requirements of Listing 12.05(C) at Step Three.

The Court rejects the Government's contention that the Magistrate Judge misstated Plaintiff's burden of proof at Step Three. The Court finds that Magistrate Judge recognized that Plaintiff had not met his burden of proof as to the criteria of Listing 12.05(C). Contrary to the Government's argument, however, that does not mitigate against remand. The Plaintiff's failure to meet his burden of proof, where the ALJ failed to determine whether Plaintiff meets the requirements of Listing 12.05(C), only means that it would be inappropriate for the Court to remand the matter to the ALJ for the award of benefits.

Having reviewed the Report and Recommendation, the Government's objections and Plaintiff's response to objections, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law. However, neither the Report and Recommendation nor Plaintiff's papers articulated the Court's authority to remand the matter.

The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district

court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

A sentence six remand occurs in situations where new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. *Melkonyan,* 501 U.S. at 100. Sentence six allows the district court to remand in light of additional new evidence without making any substantive ruling

4

as to the merits of the Commissioner's decision. *Id.* at 100. The new evidence must be material and good cause must be shown for the failure to incorporate such evidence into the record in a prior proceeding. *Id.* at 100; *Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984). A sentence six remand may also occur where the Commissioner requests a remand before answering the complaint. 42 U.S.C. § 405(g) (sentence six); *Melkonyan,* 501 U.S. at 99-100, and n. 2. After post-remand proceedings are complete, the Commissioner returns to court and the district court may then enter a final judgment. *Id.* at 102.

A review of the Report and Recommendation indicates that the Magistrate Judge intended to remand the matter under sentence four of 42 U.S.C. § 405(g). The Magistrate Judge found that the ALJ incorrectly applied the Step Three analysis where the ALJ failed to determine whether Plaintiff met the requirements of Listing 12.05(C). A remand under sentence six is not appropriate since no new evidence is at issue.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge R. Steven Whalen **[Doc. No. 17, filed July 12, 2018]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the Government's Objections **[Doc. No. 18, filed July 26, 2018]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 15, filed September 26, 2017]** is **GRANTED**, to the extent it seeks remand for further proceedings.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 16, filed November 3, 2017]** is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** back to the Commissioner under sentence four of 42 U.S.C. § 405(g) for consideration and discussion of whether Plaintiff meets the requirements of Listing 12.05(C) and is entitled to Supplemental Security Income benefits.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager